¹ IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSE SANTANA MORENO RESENDEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:06-CV-192 |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION REGARDING TRANSFER**

Petitioner Jose Santana Moreno Resendez, a federal prisoner confined in Eden, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

To entertain a habeas petition brought under 28 U.S.C. § 2241, the district court must have jurisdiction over the prisoner. *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990). Accordingly, a prisoner must file a Section 2241 petition in the district where he is incarcerated. *Id.* at 78. If the petitioner files in another district, that court lacks jurisdiction over the petition. *Id.*; *United States v. Brown*, 753 F.2d 455 (5th Cir. 1985).

After reviewing the pleadings, the court has concluded that jurisdiction is not proper in the Eastern District of Texas because the petitioner is not incarcerated here. Although this court lacks

---

¹ Petitioner's claim that he is entitled to a downward departure arises under 28 U.S.C. § 2255. However, petitioner has filed a Section 2255 motion in which he asserts that claim. *See Resendez v. United States,* Cause No. 1:06-CV-191 (E.D. Tex.). Petitioner also claims that his status as a deportable alien subjects him to a longer period of incarceration than a United States citizen would serve. These claims arise under 28 U.S.C. § 2241 because they concern the execution of petitioner's sentence.

jurisdiction to hear the petition, Title 28 U.S.C. § 1631 permits the court to transfer the action, in the interest of justice, to any other court where the action could have been brought. 28 U.S.C. § 1631.

The court has considered the circumstances and has determined that the interest of justice would best be served if the petition were transferred to the division where petitioner is incarcerated. Accordingly, this petition for writ of habeas corpus should be transferred to the San Angelo Division of the United States District Court for the Northern District of Texas. An order transferring the petition will be entered in accordance with this Memorandum Opinion.

**SIGNED** this 20 day of April, 2006.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE